**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Michael Parker, | ) | CASE NO. 1:11 CV 2532 |
| | ) | |
| Petitioner, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| Warden, Lake Erie Correctional | ) | **Memorandum of Opinion and Order** |
| Institute, | ) | |
| Respondent. | ) | |

**Introduction**

This matter is before the Court upon the Report and Recommendation of Magistrate Judge James R. Knepp II (Doc. 29) which recommends denial and dismissal of the Petition for Writ of Habeas Corpus pending before the Court.[1]  Petitioner filed Objections to the Report and Recommendation. For the following reasons, the Report and Recommendation is ACCEPTED.

**Standard of Review**

---

[1] The Magistrate Judge additionally recommends denial of petitioner's motions to expand the record and for an evidentiary hearing.  Those recommendations are also accepted for the reasons stated in the Report and Recommendation.

1

Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts provides, "The judge must determine *de novo* any proposed finding or recommendation to which objection is made. The judge may accept, reject, or modify any proposed finding or recommendation."

**Discussion**

Petitioner was sentenced in the state court in 2009 to an aggregate term of ten years following his conviction for drug possession with a one-year firearm specification and possession of criminal tools with a forfeiture specification. The Magistrate Judge rejected each of his four habeas grounds for relief.

In his first ground, petitioner claims his convictions for possession of drugs and possession of criminal tools are not supported by sufficient evidence. The Magistrate Judge analyzed the evidence and considered petitioner's arguments. He concluded that the state appellate court did not make an unreasonable decision when it determined that there was sufficient evidence to show that petitioner aided and abetted others in the possession of marijuana and criminal tools and, thus, a rational trier of fact could have found petitioner guilty. The Magistrate Judge considered petitioner's explanations for the evidence, which he had likewise testified to at trial, and determined that the state appellate court did not make an objectively unreasonable application of the sufficiency standard. Moreover, the Magistrate Judge independently evaluated the evidence and found it sufficient to support petitioner's convictions.

Petitioner objects on the basis that the appellate court's decision was unreasonable because no rational trier of fact could have found the essential elements of the crime beyond a

2

reasonable doubt, again asserting his previously rejected explanations. This Court agrees with the Magistrate Judge, for the reasons stated in the Report and Recommendation, that it cannot be said that no rational trier of fact could have found petitioner guilty.

The Magistrate Judge determined that ground four was non-cognizable as it alleged a state law issue involving "other acts" evidence, and petitioner had not demonstrated a due process violation based on unfair prejudice. Petitioner objects, arguing that the testimony at issue was so prejudicial as to render the entire trial fundamentally unfair and, thereby, deprived petitioner of due process. But, petitioner fails to address the Magistrate's examination of the record which showed that petitioner rebutted the witness's testimony with his own, and the trial court made appropriate instructions to the jury. On this basis, the Magistrate Judge found no due process violation. This Court agrees.

The Magistrate Judge found the second ground for relief, which alleged that trial counsel was ineffective by failing to request a limiting instruction on 404(B) evidence and failing to present exonerating evidence, to be procedurally defaulted (and not excused by ineffective representation) or otherwise lacking merit. The claim was defaulted because the state appellate court found that petitioner waived any error by not contemporaneously objecting to the jury instructions, and then found no plain error. Petitioner could not demonstrate ineffective assistance of counsel to excuse the default because he failed to show a reasonable probability that the outcome of his trial would have been different but for the errors of counsel. The Magistrate Judge also fully addressed the claim and found no merit.

Petitioner asserts that *de novo* review of the claim shows that he had ineffective assistance of counsel. This Court, however, agrees with the extensive analysis performed by the

3

Magistrate Judge finding no merit to the claim.

Finally, upon thorough examination, the Magistrate Judge rejected ground three, which challenged petitioner's grand jury indictment, as being non-cognizable or failing on the merits because the indictment satisfied the notice requirement and there was no denial of fundamental fairness. Petitioner's assertions to the contrary are unavailing, and the Court agrees with the Magistrate Judge on this ground as well.

For the reasons stated above, and those stated in the Report and Recommendation which is incorporated herein, the Petition for Writ of Habeas Corpus is denied.

**Conclusion**

Accordingly, the Report and Recommendation is accepted. The Petition for Writ of Habeas Corpus is dismissed. Furthermore, for the reasons stated herein and in the Report and Recommendation, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed.R.App.P. 22(b).

IT IS SO ORDERED.

 /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 4/2/13